**Ibrahima Sory SOW, Petitioner,**

v.

**DEPARTMENT OF HOMELAND SECURITY, Respondent.**

No. 07–2162–ag.

United States Court of Appeals, Second Circuit.

July 9, 2008.

Theodore Vialet, New York, NY, for Petitioner.

Kelly J. Walls, Trial Attorney (Jeffrey S. Bucholtz, Acting Assistant Attorney General, James E. Grimes, Senior Litigation Counsel on the brief), Office of Immigration Litigation, U.S. Department of Justice, Washington, DC, for Respondent.

PRESENT: ROGER J. MINER, JOSEPH M. McLAUGHLIN, and JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

Petitioner Ibrahima Sory Sow, a native and citizen of Guinea, petitions for review from a final order of removal issued by the BIA dismissing his appeal of an Immigration Judge's ("IJ") decision pretermitting his asylum application as untimely and denying his application for withholding of removal and relief under the Convention Against Torture. *See In re Ibrahima Sory Sow*, A 98 420 116 (B.I.A. Apr. 25, 2007). The BIA affirmed the findings of the IJ that petitioner's asylum application was untimely and that petitioner's testimony was not credible. Sow's principal arguments in his petition to our Court are that (1) the BIA and IJ improperly weighed the evidence he submitted to demonstrate that his asylum application was timely filed; and (2) he has demonstrated with substantial evidence that he is eligible for withholding of removal and relief under the CAT. We assume the parties' familiarity with the facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be com-

pelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir. 2007). Particular deference is given to the trier of fact's assessment of demeanor. *See, e.g., Majidi v. Gonzales*, 430 F.3d 77, 81 n. 1 (2d Cir.2005).

■ We do not have jurisdiction to review an agency's determination that an asylum application was untimely. *See* 8 U.S.C. § 1158(a)(3) (placing agency determinations as to the timeliness of an asylum application beyond judicial review); *see also Gui Yin Liu v. INS*, 508 F.3d 716, 720 (2d Cir.2007). Petitioner raises no constitutional challenges or questions of law with respect to the determination that his asylum application was untimely. Accordingly, we do not have jurisdiction to review the denial of his asylum claim and must dismiss this portion of his petition. *See Shu Wen Sun*, 510 F.3d at 379.

■ We also conclude that the IJ's adverse credibility determination was based on substantial evidence. Because an IJ's ability to observe the witness's demeanor places him in the best position to evaluate whether apparent problems in the witness's testimony suggest a lack of credibility, we afford an IJ's findings relating to an applicant's demeanor "particular deference." *Id.* at 381. Here, the IJ found that, while Sow was able to "reiterate all the statements that were made in the I–589," he became evasive when asked questions that did not involve the contents of his asylum application. The IJ also pointed to several inconsistencies or omissions in petitioner's testimony that convinced him that petitioner was not credible. Accordingly, we find no reason to disturb the IJ's adverse credibility determination and conclude that the agency properly denied petitioner's claim for withholding of removal and relief under the Convention Against Torture.

Having considered the parties' briefs, the applicable law, and the record, we reject petitioner's remaining arguments as lacking in merit.

For these reasons, the petition for review of the denial of asylum is **DISMISSED** for lack of jurisdiction and in all other respects the petition for review is **DENIED**.