Sow v. Garland

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of September, two thousand twenty-one.

PRESENT:
> REENA RAGGI,
> DENNY CHIN,
> MICHAEL H. PARK,
> > *Circuit Judges.*

_____

IBRAHIMA SORY SOW,

> *Petitioner*,

> v.          19-2464

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,

> *Respondent.*

_____

FOR PETITIONER:        Robert F. Graziano, Buffalo, NY.

FOR RESPONDENT:       Katherine S. Fischer, Trial Attorney, (Margaret Kuehne Taylor, Senior Litigation Counsel, Office of Immigration Litigation, *on the brief*), *for* Brian Boynton, Acting Assistant Attorney General, Civil Division, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Ibrahima Sory Sow, a native and citizen of the Republic of Guinea, was ordered removed from the United States in 2007. We denied his petition for review of the order, concluding, *inter alia*, that substantial evidence supported the Immigration Judge's ("IJ") adverse credibility determination and thus his denial of Sow's claims for withholding of removal and relief under the Convention Against Torture. *See Sow v. Dep't of Homeland Sec.*, 285 F. App'x 800, 801 (2d Cir. 2008). Over a decade later, in May 2018, immigration authorities encountered and detained Sow at the Champlain, New York port of entry. Sow refused removal and moved to reopen his immigration proceedings. Sow now petitions this court for review of the July 17, 2019 BIA decision denying his motion to reopen. *See In re Sow*, A098-420-116 (B.I.A. July 17, 2019). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Ordinarily, a motion to reopen must be filed within 90 days of the order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i). But no time limitations bar such a motion by an alien who seeks "to apply or reapply for asylum or withholding of deportation based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see* 8 U.S.C. § 1229a(c)(7)(C)(ii). "To prevail on the motion, the movant must establish *prima facie* eligibility for asylum, *i.e.*, 'a realistic chance' that he will be able to establish eligibility." *Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005) (citation omitted). The BIA denied Sow's motion to reopen because Sow failed (1) "to demonstrate how the evidence now presented establishes changed country conditions in Guinea

since his 2005 hearing," and (2) to "carr[y] his burden of demonstrating prima facie eligibility for the relief he seeks." *In re Sow*, A098-420-116, at 2.

Sow challenges only the first conclusion; his opening brief is devoid of any argument that the BIA erred as to his *prima facie* eligibility for relief. He thus forfeits all objections to the BIA's conclusion that he had not established *prima facie* eligibility. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). An alien's failure to establish *prima facie* eligibility, however, is an "independent ground[] on which the BIA might deny a motion to reopen." *INS v. Doherty*, 502 U.S. 314, 323 (1992). Therefore, we must deny a petition for review where, as here, the petitioner fails to challenge an independent and sufficient ground for the BIA's decision.

In any event, we see no abuse of discretion in the BIA's conclusion that Sow's proffered evidence failed to establish changed country conditions. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008) (reviewing the BIA's findings as to country conditions for substantial evidence and ultimate decision for abuse of discretion). While we do not necessarily agree with the BIA's characterization of Sow's new affidavit and reports, the BIA reasonably concluded that the additional evidence could not overcome the IJ's 2005 adverse credibility finding. *Cf. Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147 (2d Cir. 2007) (holding that the BIA did not err in rejecting evidence of changed country conditions because, under "the doctrine of *falsus in uno, falsus in omnibus*[,] . . . a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence" (internal citation and quotation marks omitted)).

We have considered the remainder of Sow's arguments and find them to be without merit.

For the foregoing reasons, we deny the petition for review.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court